[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15458
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20475-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH SIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 7, 2016)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Sims appeals his 120-month sentence after pleading guilty to five

counts of robbery under the Hobbs Act, 18 U.S.C. § 1951(a), on the grounds that

the district court's 120-month sentence, an upward variance, was both procedurally and substantively unreasonable.  On appeal, Sims argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its sentence by not providing a sufficiently compelling justification for its major variance from the 70 – 87 month range provided for in the United States Sentencing Guidelines (Guidelines).  Additionally, Sims argues that his sentence is substantively unreasonable because the court did not give proper consideration to the factors in 18 U.S.C. § 3553(a), and because the sentence is greater than necessary to fulfill the statutory purposes of sentencing.  After careful review of the record and the parties' briefs, we affirm.

## I.    Background

Over an eight-week span, Sims committed a total of five separate robberies, of three different Family Dollar Stores.  Sims, an employee of another Family Dollar Store location, revealed that he committed these robberies to buy drugs. The first robbery occurred in late November, when he approached a store employee demanding money.  His hand was underneath his shirt, implying that he had a firearm and in fear for her life, the employee complied and handed over the money.  Two weeks later, in early December, Sims proceeded to rob a second Family Dollar Store location—twice—in one day.  Both times, he held an object that resembled a gun, and demanded money from the employee.  Twelve days

later, on Christmas Day, Sims again entered the first of the three stores he robbed. He pointed an object that resembled a gun, at a store employee and demanded money. Finally, in early January shortly after the fourth robbery, Sims robbed a third Family Dollar Store location. However, this time when Sims approached the employee, pretending that he was armed, she was tending to a customer. While the employee fearfully stepped away with her hands raised in the air, Sims walked around to the register and took the cash and the customer fled the store and called the police.

In each of the five robberies, Sims entered one of three stores, threatened and demanded money from a frightened employee, while pretending to be armed. In total, Sims stole over $800.00 from three different Family Dollar Store locations. After Sims was apprehended, he pled guilty and agreed to pay restitution.

## II.    Procedural Reasonableness

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). In reviewing whether a sentence is procedurally unreasonable, we determine whether the district court erred in calculating the guideline range, treated the Guidelines as mandatory rather than advisory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to

3

adequately explain the sentence. *Id.* "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

It is well settled that the district court is not required to explicitly discuss on the record each of the § 3553(a) factors that it considered. *See United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2010). Although there still must be enough "set forth" by the district court to ensure that it imposed a sentence with a reasoned foundation, a district court's acknowledgement that it considered the § 3553(a) factors is sufficient. Also, it must explain any deviation from the Guidelines range. *See Gall*, 552 U.S. at 50, 128 S. Ct. at 597; *see also United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008).

Sims's sentence is procedurally reasonable. Sims first asserts that the district court failed to adequately explain the sentence because the court failed to give a "sufficiently compelling" justification for the "major" variance in sentencing. Sims notes that the 38% variance requires a more significant justification than the one that was given by the district court. Second, Sims asserts that at the sentencing hearing, the court improperly focused on two factors: the fact that he committed five robberies and the fact that in each of them, the employees and the patron felt threatened. The argument is premised on the notion that they were already accounted for within the Guidelines range and thus cannot be used to

4

justify the variance.  These arguments are without merit.  The court satisfied its obligation because it need only "ensure that the justification is sufficiently compelling to support the degree of variance . . . [and] adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *See Gall*, 552 U.S. at 50, 128 S. Ct at 597. Accordingly, the record reflects that the district court warranted a justification that was "sufficiently compelling" because it adequately explained the justification and the deviation from the Guidelines.  Specifically, the court repeatedly stated that, after consideration of the relevant § 3553(a) factors and the parties' arguments, which proved to be successful as the court revealed it initially was prepared to impose a higher sentence, that it believed that the Guidelines range was inappropriate given the circumstances. The court subsequently imposed a higher sentence, outside of the Guidelines range, that it felt would be "sufficient, but not greater than necessary."  Further, the court highlighted several of the § 3553 factors that it specifically relied on in imposing the sentence.  In addition to pointing out the nature and seriousness of the offenses—five robberies in which individuals were threatened and led to believe that Sims was armed—and the need to further promote respect for the law, the court noted that the variance would provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future crimes.  *See* 18 U.S.C. § 3553(a)(2).

5

Furthermore, in deciding whether or not to impose a variance, the court is not required to provide an explanation independent of the factors that are also considered when the court calculates the Guidelines range; that is, the court may rely on those same factors to set the applicable Guidelines range and to justify an upward variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). Based on this record, the district court fulfilled its obligation to explain its sentence.[1]

## III.    Substantive Reasonableness

As stated before, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Under this standard, we will not "set aside a sentence merely because we would have decided that another one is more appropriate"; we need only ensure that the district court's sentence is "a reasonable one." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgement in considering proper factors." *Id*. at 1189

---

[1] Also, Sims's argument incorrectly implies that there should be an application of an even more heightened standard, which is unsupported by our precedent and *Gall*. Furthermore, assuming a § 3553 (c) argument, the court still gave specific enough reasons to justify its departure from the Guidelines range. *See United States v. Parrado*, 911 F.2d 1567, 1572–73 (11th Cir. 1990). Therefore, the district court more than fulfilled its obligation to adequately explain the sentence in either instance.

(internal quotation marks omitted).  Furthermore, in reviewing for substantive reasonableness, we examine "the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). Again, the party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable "in light of the entire record and the § 3553(a) factors." *Tome*, 611 F.3d at 1378.

The district court did not abuse its discretion in imposing a 120-month sentence even in light of the upward variance.  It is well settled that district court is afforded due deference in its sentencing decisions. *See Gall,* 552 U.S. at 51, 128 S. Ct. at 597.  Sims first contends that his sentence is substantively unreasonable because, *inter alia*, the court did not properly consider his personal history and characteristics, including his motive and lack of prior imprisonment; however, the record reflects differently.  The court stated that it "considered everything," including the § 3553(a) factors, the parties' arguments, the parties' objections, the presentence investigation report—which repeatedly presented Sims's personal history, his characteristics, and his drug-related motive—as well as the applicable Guidelines range and "all [of] the statutory factors."  Additionally, the district court expressly stated that it was initially inclined to impose a 180-month sentence but, in light of Sims's arguments regarding his upbringing and addiction, the court

7

decided that 120 months was sufficient.  Specifically, it acknowledged that Sims had a "good, supportive family" and that "drugs led him down this path" and likely contributed to his being in the position he is in today.  Thus, Sims's argument that the court did not consider relevant factors is frankly unpersuasive.  The district court imposed a substantively reasonable sentence after its thorough contemplation of the relevant factors.

Also, Sims contends that the court's upward variance was greater than necessary to fulfill the statutory purposes of sentencing and is thus substantively unreasonable.  Given the heavy burden that falls on Sims to demonstrate the unreasonableness of his sentence, this contention is also unpersuasive.  It is undisputed that the district court has substantial discretion in weighing the § 3553(a) factors and that it may attach greater weight to certain factors as opposed to others as it sees fit.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  In doing so, the district court could, within its discretion, find that an upward variance is warranted.  Should that occur, as the reviewing court, we "may not presume that a sentence outside the [G]uidelines is unreasonable and must give 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'"  *Irey*, 612 F.3d at 1187 (quoting *Gall*, 552 U.S. at 51, 128 S. Ct. at 597).  Here, the district court adequately discussed several of the § 3553(a) factors that it found troubling, thereby leading it to impose

the upward variance. Specifically, it assigned more weight to "the nature and circumstances of the offense" because there were five separate robberies on five separate occasions, each with identifiable victims, and to "the seriousness of the offense" because Sims threatened his victims during each robbery and implied that he was armed. *See* 18 U.S.C. § 3553(a). Following that consideration, the district court concluded that in light of all the circumstances, the Guidelines range was inappropriate and that an upward variance was warranted. Although the 33-month variance was significant, it was reasonable and well within the court's discretion because it was appreciably below the statutory maximum of 20 years' imprisonment, which is an indication of reasonableness. *See* 18 U.S.C. § 1951(a). *See Gonzalez*, 550 F.3d at 1324. Ultimately, Sims has not met his burden to demonstrate the substantive unreasonableness of his sentence. We may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). Accordingly, the district court did not abuse its discretion, and we affirm the 120-month sentence as both procedurally and substantively reasonable.

**AFFIRMED.**

9